BURNS et, Plaintiffs, v. FOX et, Defendants.

Common Pleas Court, Montgomery County.

No. 105097.

### OPINION

By BEERY, J., Shelby County sitting by assignment.

It is unnecessary to repeat the facts in this case as Counsel for both parties have fairly stated the facts in the briefs submitted to assist the Court in arriving at a decision in this matter.

It is needless to state the entire law with respect to easements as this Court is of the opinion that the only foundation upon which an easement in this case could be created would be based upon what is termed an easement by implication or way of estoppel by reason of the recitations in the deed from Evelyn W. DeWeese to the plaintiffs, Edgar Nelson Burns and Florence Elizabeth Burns, which deed is dated August 10th, 1939, and recorded in Deed Book No. 879 at page 526 of the Deed Records of Montgomery County, Ohio, together with the deed from Evelyn W. DeWeese to Ruth Ailes, dated May 27, 1939, and recorded in Deed Book 873 at page 170 of the Deed Records of Montgomery County, Ohio.

Both of these deeds describe the properties conveyed by metes and bounds. The conveyance to the plaintiffs herein is as follows:

"* * * the following described real estate, situate in the township of Harrison, County of Montgomery, and State of Ohio, and being part of a fifty (50) acre tract of land conveyed to Evelyn W. DeWeese by deed recorded in Deed Book 488, page 389, of the records of Montgomery County, Ohio, in Section 16, Town 2, Range 6 East, and being more particularly described as follows: Starting at an iron pin in the East line of DeWeese Parkway and in the north line of an unnamed street, said iron pin being fifty (50) feet north of Harley W. Spitler's tract of land as recorded in Deed Book 715, page 578, of the Montgomery County records; thence northwardly along the east line of DeWeese Parkway and along a curve to the left, having a radius of four thousand nine hundred eighty-two and 73/100 (4982.73) feet, a distance of six hundred five and 13/100 (605.13) feet to the point of tangency, as marked by a City of Dayton concrete monument; thence north 17°12' west the tangent to said curve, a distance of one hundred forty-one and 75/100 (141.75) feet to the point of curvature, as marked by a City of Dayton concrete monument; thence northwardly along a curve to the right, having a radius of two thousand nine hundred twenty-four and 09/100 (2924.09) feet, a distance of eighty-nine and 99/100 (89.99) feet to a stake at the intersection of the north line of an unnamed street and the east line of DeWeese Parkway, said stake being the place of beginning of this description; thence northwardly along a curve to the right, having a radius

of two thousand nine hundred twenty-four and 09/100 (2924.09) feet, a distance of one hundred and eighty (180) feet to a stake, said point being the southwest corner of Earl G. Fox's lands; thence north 72° 50' east along Fox's south line, a distance of three hundred fifty-five and twenty hundredths (355.20) feet to a stake; thence south 11° 31' east, a distance of one hundred eighty and 27/100 (180.27) feet to a stake **in the north line of an unnamed street**, a distance of three hundred and fifty (350) feet to a stake and the place of beginning, containing one and 46/100 (1.46) acres, more or less."

The description as contained in the deed to Ruth Ailes is as follows: "* * * the following described real estate, situate in the Township of Harrison, County of Montgomery, and State of Ohio, and being a part of a fifty (50) acre tract of land in Section 16, Town 2, Range 6, East, conveyed to Evelyn W. DeWeese by deed recorded in Deed Book 488, page 389, of the Montgomery County records, and being more particularly described as follows; Starting at an iron pin in the east line of DeWeese Parkway and **in the north line of an unnamed** street, said iron pin being fifty (50) feet north of Harley W. Spitler's tract of land as recorded in Deed Book 715, page 578, of the Montgomery County records; thence northwardly along the east line of DeWeese Parkway and along a curve to the left, having a radius of four thousand nine hundred eight-two and 73/100 (4982.73) feet, a distance of six hundred five and 13/100 (605.13) feet to the point of tangency, as marked by a City of Dayton concrete monument; thence north 17° 12' west along the tangent to said curve, a distance of ninety-one and 71/100 (91.71) feet to a stake and the place of beginning of this description; thence north 17° 12' west along said aforementioned tangent, a distance of fifty and 04/100 (50.04) feet to the point of curvature, as marked by a City of Dayton concrete monument; thence northwardly along a curve to the right, having a radius of two thousand nine hundred twenty-four and 09/100 (2924.09) feet, a distance of thirty-nine and 96/100 (39.96) feet to a stake; thence north 72/ 48' east, a distance of three hundred and fifty (350) feet to a stake; thence south 16° 02' east, a distance of ninety (90) feet to a stake; thence south 72° 48' west, a distance of three hundred and fifty (350) feet to the place of beginning, containing 0.72 of an acre, more or less."

On June 28, 1941, Evelyn W. DeWeese conveyed to Howard L. Winger-ter, who purchased on behalf of Earl G. Fox, the defendant herein, two pieces of land approximately one hundred feet by one hundred fifty feet each, both lots fronting on the north boundary of said unnamed street and immediately to the east of the land of the plaintiffs, Edgar Nelson Burns and Florence Elizabeth Burns, and by subsequent conveyance these two lots were placed in the name of defendant, Earl G. Fox.

Sometime after the plaintiffs herein purchased their property in August of 1939, they constructed a home upon the land they purchased, and so built their garage, and an embankment along the driveway to their said garage, that the entrance to the garage was fronting on the un-named street. Since the completion of plaintiffs' home in 1939 or 1940, they have continuously used said unnamed street as a means of ingress and egress to their garage.

On April 23, 1952, James A. McFarland purchased more land as owned by Evelyn W. DeWeese immediately to the East of the land of the plaintiffs, Edgar Nelson Burns and Florence Elizabeth Burns, which land included the fifty by three hundred fifty foot unnamed street herein at issue.

On August 5, 1952, the defendant Earl G. Fox purchased from James A. McFarland the same fifty by three hundred fifty foot unnamed street, and on August 18, 1952, the defendant Fox drove several poles upon the entrance of the plaintiffs' driveway in said unnamed street, which denied plaintiffs the right of egress and ingress to their garage from and to the unnamed street.

The action herein is for an injunction against the defendant, Earl G. Fox, to enjoin him from further denying the plaintiffs their right of ingress and egress. If plaintiffs herein have an easement, the injunction should be granted; otherwise, not.

The unnamed street was never dedicated to public use.

There are contentions made as to the agency of Roland DeWeese, in making representations as to the unnamed street. This Court is of the opinion that this is of no importance because Evelyn W. DeWeese did execute the deeds describing the premises conveyed in which the unnamed street was mentioned. Since Evelyn W. DeWeese signed these deeds, it is presumed that she knew what the deeds contained, and therefore, is bound by the intention set forth in the deeds.

In Kneisel v. Krug, 8 Ohio Decisions Reprint, 581, it is stated as follows in the syllabus:

1. A. conveyed to B. a lot bounded on the south by an alley three feet wide. At the same time, the ground on the south was owned by A., and was used as an alley in connection with B.'s lot: Held, A., and his assigns, are estopped to deny that B. and his assigns have a right of way in the ground described as an alley appurtenant to B's lot.

2. An assignee of A., purchasing at a time the alley is not used in connection with B's lot, but making no inquiry as to the reason, is not thereby relieved from this estoppel.

3. The doctrine of loss of easements by increase of burden, has no application to appurtenant rights of way.

In 15 O. Jur., 53 and 54, paragraph 39, it is stated as follows:

"Bounding Land By Way—Where land is described in a deed as bounded by a way, street, road, or stream, the boundary is the middle line thereof. If the deed expressly gives a right of way over the way or stream, the grantee obviously acquires such right of way by express grant. Frequently, however, the conveyance calls for a way, street, road or stream as a boundary, without expressly giving a right of way therein. In such a case, if the grantor has the fee of the land thus referred to, he is estopped as against his grantee, to deny that it is a way, street, road, or stream; and an easement therein passes to the grantee by implication. It has been said that where the call for a way is not needed to complete the description of the land conveyed, it is presumed that it was put in for the purpose of estopping the grantor from denying the right of way.

"Where the grantor does not own the land described as a way, there

is nothing upon which the estoppel can act, for obviously it cannot operate upon the lands of a stranger. If the grantor owns the land described as a street, the fact that the street is not used by the public is immaterial. It is a matter of private right, and in no way depends upon the fact that the public have or have not acquired the right of way. A deed which described one boundary of a lot as running along the line of a certain alley or street grants a right of way therein which is not in gross, but inures to subsequent owners, even though there is no actual improved alley or street there.

"The right to take advantage of the estoppel arising by the description of a lot as bounded on a street or way is confined to the grantee and those claiming under him, and is of no avail in favor of other abutting owners on the alley, who are seeking to have the alley opened. The deed, however, is competent evidence for such third parties as an admission.

"There is some authority to the effect that the creation of a right of way from a call for a way as a boundary rests upon covenant. It has been said that a grant of land to a way of any sort is an implied covenant by the grantor that, so far as his rights extend, the way exists and will remain as an open way. Most of the cases, however, seem to rest such an easement upon estoppel. In one case the doctrine of implied covenant is denied, and it is said that such a description does not operate as a covenant that grants a right of way unless there are words of covenant in the deed.

"The estoppel applies even though the way called for is a private alley. It has been held, where A conveyed to B a lot bounded on the south by an alley 3 feet wide, and at the same time the ground on the south was owned by A, and was used as an alley in connection with B's lot, that A and his assigns were estopped to deny that B and his assigns had a right of way in the ground described as an alley appurtenant to B's lot. But bounding land by the head of an alley does not give the grantee a right to use the land as an alley.

"It has been said that the right to the use of the way extends not merely to the portion thereof in front of the lot granted, but to its entire length. In another early case it was also stated that the purchaser of a lot calling to bound on a contemplated or existing street, not yet accepted as a street by the public authorities, was entitled to a right of way over it, if it was part of the lands of his vendor, to its full extent and dimensions until it reached some other street or public way, but no further.

"The grantee in a deed which describes the premises conveyed as bounded on a street named is bound to take notice of the existence of such street, and he is charged with such knowledge as to the location of the street as he could obtain by reasonabl inquiry."

The Court under the authorities cited is clearly of the opinion that Evelyn W. DeWeese and her assigns, one of whom is the defendant, Earl G. Fox, herein, are estopped to deny that the plaintiffs, Edgar Nelson Burns and Florence Elizabeth Burns, have a right of way in the ground described as an unnamed street.

Counsel for defendant further contends that the plaintiffs herein

have no standing in a Court of equity inasmuch as a part of their building is projecting upon the unnamed street, and further contends that plaintiff herein have so placed gravel upon the unnamed street causing the flow of water to be diverted from its natural course over and upon the property of their neighbor, Theodore Suttmiller.

It is definitely established that the plaintiffs do have a building projecting upon the unnamed street but there was some dispute in the evidence as to whether or not plaintiffs herein caused the water to be diverted from its natural course to the damage of the property of Suttmiller or at least that plaintiffs herein purposely caused said water to be diverted upon Suttmiller's property.

The evidence did reflect that there was never any complaint made with respect to the building of plaintiffs' projecting upon the unnamed street until shortly after the purchase of the property by the defendant, Earl G. Fox, herein, when Mr. Fox made a request that the building be removed by plaintiffs. Nevertheless, it was not indicated by the evidence 'that any damage was being done to the defendant, Fox, by the building of plaintiffs' projecting upon the unnamed street.

It is stated in **21 O. Jur. 1029, paragraph 31,** as follows:

"A mere technical fault producing no substantial injury does not call the rule of 'clean hands' into operation."

In **McGuire v. Caskey, 62 Oh St 419,** it is stated as follows:

"Where neighboring proprietors of urban lots are bound by a covenant in a deed, under which both held, not to erect buildings within a prescribed distance from the street upon which the lots abut, either is entitled to an injunction to enforce observance of the covenant by the other."

"That relief will not be denied to a plaintiff because he has erected a porch in front of his residence and within the prescribed distance from the street when the purpose of the covenant is to secure and preserve the desirability of the street for private residence, and the porch does not substantially interfere with the easement of neighboring proprietors for light, air and view."

The Court, therefore, is of the opinion that since no substantial injury was done to defendant Earl G. Fox, the defendant cannot bring this doctrine into operation.

With respect to the water, if any, diverted upon the property of Suttmiller by the plaintiffs herein, it is stated in the case of **McClanahan v. McClanahan, 79 Oh Ap 231,** as follows:

"A defendant in an equity action may not avail himself of the defense of 'unclean hands' on the part of the plaintiff, where the questioned conduct of the latter affected third persons and not the defendant, and where the application of such defense would result in unjust enrichment of the one asserting it."

The Court, therefore, is of the opinion that even had it been shown that the plaintiffs negligently diverted the water upon the property of Suttmiller to Suttmiller's damage, that would be no defense to the defendant, Earl G. Fox, herein, because there is no relationship or privy as to diversion of water between Suttmiller and the defendant Earl G.

Fox. An action with respect to such diversion of water would have to lie between Suttmiller and the plaintiffs herein.

The Court, therefore, is of the opinion that an easement by estoppel over the unnamed street has been granted to the plaintiffs herein, and that the defendant, Earl G. Fox, should be permanently enjoined from obstructing said driveway and unnamed street and from any interference with plaintiffs' ingress and egress of their property over said driveway upon condition that the plaintiffs shall, within thirty (30) days after the entry in accordance with this decision is filed, remove that portion of the building projecting upon the unnamed street.

Counsel for plaintiffs herein may prepare an entry accordingly, and ordering that costs shall be taxed equally to the plaintiffs and defendants.